UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT CEASAR (#388150)                                CIVIL ACTION

VERSUS

LOUISIANA DEPARTMENT OF                                NO. 17-1691-SDD-EWD
CORRECTONS, ET AL.

## ORDER

Before the Court are several Motions filed by Plaintiff wherein he requests the issuance of a Temporary Restraining Order and/or a Preliminary Injunction.[1]

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, Secretary James LeBlanc, the LSP Chaplain's Department, Major Robert Rowe, Col. Jeremy Mckey, Major Hebert and LSP Chaplain Rickey Sharkey, complaining that Defendants have violated his constitutional rights by retaliating against him for the exercise of his First Amendment constitutional rights and by interfering with the free exercise of his religious beliefs. According to Plaintiff, this retaliation and interference have taken the form of false disciplinary reports and proceedings, threats and an accusation that Plaintiff is a "rat" or "snitch," conduct that has resulted in the loss or theft of Plaintiff's property, and a refusal to allow Plaintiff to grow a beard and dreadlocks in accordance with his faith. Plaintiff further complains that prison officials have failed to update the LSP grooming policy in light of a recent decision of the United States Court of Appeals for the Fifth Circuit, *Ware v. Louisiana Department*

---

1   Rec. Docs. 3, 13 and 16.

of Corrections, 866 F.3d 263 (5th Cir. 2017). In several Amended and/or Supplemental Complaints, Plaintiff has included claims against additional Defendants, Lt.Col. Paul Smith and Major Willie Rosso.

Now in the instant Motions for injunctive relief, Plaintiff asserts that because he provided testimony in another inmate's civil trial in June 2017, he has subsequently been charged with three allegedly wrongful disciplinary reports (in October, November and December 2017, respectively), has been placed in administrative segregation as a result thereof, has been deprived of an opportunity to exercise outside as a result, has suffered a loss or theft of his property by a co-inmate, and has been threatened with unspecified "danger" by Defendant Robert Rowe. He further asserts that, because of this past wrongful conduct by Defendants, he fears for his safety at Defendants' hands. Specifically, he asserts that he could "easily be placed in a false situation and be maced or beaten while restrained; or he could be placed in Admin[istrative] Seg[regation] and his personal property … ['lost']," or he could be transferred to another institution where conditions are more onerous[2] or, finally, Defendant Rowe "could use his authority to attack [Plaintiff] in any number of ways."[3]

In order to obtain injunctive relief, Plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest."[4] "[A] preliminary injunction is an

---

2 See Rec. Doc. 3 at p. 6.
3 See Rec. Doc. 16 at pp. 4-5.
4 Lake Charles Diesel, Inc. v. General Motors Corp., 328 F.3d 192, 196 (5th Cir. 2003).

extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements."[5]

On the record before the Court, it does not appear that Plaintiff has established that he is entitled to the relief requested or has shown that he will suffer irreparable injury if injunctive relief is not granted. In the first place, the mere imposition of false or unfair disciplinary charges and a resulting loss of privileges (such as outside exercise), even if the inmate is in fact innocent of the charges levied, does not amount to a constitutional violation that is actionable in this Court if the inmate has a means of challenging the charges.[6] Similarly, a loss or mishandling of legal or personal property by security officers is not cognizable where, as here, there are state-created remedies available for the inmate to seek to obtain return of his property or compensation for its loss.[7] Finally, neither threats nor verbal abuse by a security officer is actionable under § 1983.[8] Thus, applying the foregoing principles, the Court concludes that Plaintiff has failed to allege facts or produce evidence sufficient to support entitlement to injunctive relief. Specifically, Plaintiff has failed to show that there is a substantial likelihood that he will suffer irreparable injury if injunctive relief is not granted. Although Plaintiff complains that he fears for his safety at the hands of Defendants, there is no suggestion in the record

---

5   Ibid.
6   See Grant v. Thomas, 37 F.3d 632 (5th Cir. 1994), citing Collins v. King, 743 F.2d 248, 253-54 (5th Cir. 1984) ("[T]here is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations").
7   See Hudson v. Palmer, 468 U.S. 517, 533 (1984), and Parratt v. Taylor, 451 U.S. 527, 542 (1981). The underlying rationale of Parratt and Hudson is that when deprivations of property are effected through either negligent or intentional wrongful conduct on the part of state employees, pre-deprivation procedures are simply Aimpracticable@ since the state cannot know in advance when such deprivations will occur. Hudson v. Palmer, supra, 468 U.S. at 533.
8   Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983"); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983"); Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983").

that he has in fact been subjected to any physical harm. Accordingly, his allegations in this regard are conclusory and are not supported by the record, and the Court is unable to conclude that Plaintiff has met his burden of proof in establishing an entitlement to injunctive relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's several Motions for Preliminary Injunction Relief[9] are hereby **DENIED**.

Baton Rouge, Louisiana the 4 day of Sept, 2018.

*Shelly D. Dick*
**SHELLY D. DICK, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

9     Rec. Docs. 3, 13 and 16.