UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT CEASAR (#388150)                        CIVIL ACTION NO.

VERSUS                                               17-1691-SDD-EWD

LOUISIANA DEPARTMENT OF
CORRECTIONS, ET AL.

## ORDER

Before the Court are two Motions to Supplement the Pleadings and Record ("first" or "second" "Motion to Supplement"),[1] a Motion to Amend Complaint and Dismiss Defendant from Civil Action ("Motion to Amend"),[2] and a Motion for Leave to File an Amended Complaint ("Motion for Leave"),[3] filed by *pro se* Plaintiff, Robert Ceasar ("Plaintiff").[4] In Plaintiff's first Motion to Supplement he seeks to add new claims regarding denial of his ordered religious diet and claims regarding events occurring nearly one year after the filing of the original Complaint.[5] In Plaintiff's second Motion to Supplement he seeks to add new events occurring nearly two years after the filing of the original Complaint based on wholly different regulations than those complained of in the original Complaint.[6] However, in this second Motion to Supplement,[7] Plaintiff also seeks to withdraw allegations against Willie Rosso ("Rosso"), including the

---

[1] R. Docs. 32 & 52.
[2] R. Doc. 51.
[3] R. Doc. 58.
[4] A motion for leave to amend is not among the motions expressly excluded from direct ruling by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). Further, although the Fifth Circuit has not ruled on the issue, the weight of authority appears to be that motions for leave to amend are generally considered nondispositive in nature. *See, e.g.*, *Bona Fide Demolition and Recovery, LLC v. Crosby Construction Co. of La., Inc.*, 07-3115, 2010 WL 4176858, *1 (E.D. La. Oct. 20, 2010) (collecting cases). Accordingly, the undersigned issues a Ruling and Order on the pending motions.
[5] R. Doc. 32, pp. 1-2; R. Doc. 1.
[6] R. Doc. 52.
[7] R. Doc. 52.

allegation that Rosso was "responsible for placing offender Javar Johnson in Plaintiff's enemy concern system." In Plaintiff's Motion to Amend,[8] he seeks to dismiss Defendant Paul Smith.

Plaintiff's Motion for Leave seeks the same amendment he seeks in the Motion to Amend, specifically to dismiss Defendant Paul Smith from this lawsuit. Additionally, Plaintiff seeks to have Bernadine St. Cyr served.

Federal Rule of Civil Procedure 15 provides that the court should freely give leave when justice so requires. Justice does not require that Plaintiff be allowed to continually amend his complaint to add new claims as they occur to him, or to add unexhausted claims that arise after the filing of this original suit; therefore, the first Motion to Supplement will be denied. If Plaintiff wishes to pursue such additional claims, the proper course of action would be to file a new lawsuit asserting those claims after he has exhausted his administrative remedies as required by federal law. Further, the allegations against Rosso that Plaintiff seeks to withdraw appear to be in Plaintiff's first Motion to Supplement, which motion is denied in this Order. As such, these allegations never became part of this action, so the second Motion to Supplement, which seeks to withdraw these allegations against Rosso, will be denied as moot.

The Motion to Amend to dismiss Paul Smith will be granted. Since Paul Smith has not yet appeared in this action, it is in the interest of justice to allow Plaintiff to amend his Complaint to dismiss this Defendant.

Finally, Plaintiff's Motion for Leave will be denied. With respect to Plaintiff's request to amend to dismiss Paul Smith from this lawsuit, Plaintiff has already obtained this relief in this Order through the Court's granting of the identical request in the Motion to Amend. The portion of the Motion for Leave requesting service upon Bernadine St. Cyr ("St. Cyr") will be denied

---

[8] R. Doc. 51.

because St. Cyr has never been properly named as a Defendant in this action. The Court previously refused to issue summons to St. Cyr for that reason.[9] Accordingly

**IT IS ORDERED** that Plaintiff's Motions to Supplement[10] be and are hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint and Dismiss Defendant from Civil Action[11] be **GRANTED**. Paul Smith is hereby dismissed as a Defendant.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint[12] is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 26, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] *See* R. Doc. 29. A plaintiff cannot issue summons to a party that has not been properly named as a defendant. (*See* Fed. R. Civ. P. 4 ("A summons must…be directed to the defendant….")). Thus, though Plaintiff indicated in R. Doc. 30 that he wished to have summons issued to St. Cyr, issuing summons to St. Cyr was not possible because St. Cyr is not named as a defendant in this action. (*See* R. Doc. 29).
[10] R. Docs. 32 & 52.
[11] R. Doc. 51.
[12] R. Doc. 58.