## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ROBERT CEASAR (#388150)**                    **CIVIL ACTION NO.**

**VERSUS**                                              **17-1691-SDD-EWD**

**LOUISIANA DEPARTMENT OF
CORRECTIONS, ET AL.**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 21, 2019.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

ROBERT CEASAR (#388150)                     CIVIL ACTION NO.

VERSUS                                       17-1691-SDD-EWD

LOUISIANA DEPARTMENT OF
CORRECTIONS, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Robert Ceasar ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana filed suit on November 20, 2017 against the Louisiana Department of Corrections ("DOC"), James LeBlanc, the Louisiana State Prison's Chaplains [sic] Department, Robert Rowe ("Rowe"), Jeremy McKey, Gabriel Hebert ("Hebert"),[1] and Rickey Sharkey.[2] Plaintiff later supplemented his Complaint to add Lt. Col. Paul Smith and Major Willie Rosso to the action.[3] Plaintiff initially alleged a multitude of constitutional violations against each of the aforementioned Defendants. Pursuant to Ruling dated August 16, 2019, this Court dismissed all claims, except for Plaintiff's claims arising under the First and Fourteenth Amendments for retaliation and violations of equal protection against Rowe Hebert, each in their individual capacities.[4]

The earliest event giving rise to Plaintiff's remaining claims occurred on November 1, 2017. On that date, Rowe allegedly called Plaintiff a "rat" or "snitch," referring to a previous trial wherein Plaintiff had testified against Rowe and another officer. Rowe allegedly proceeded to

---

[1] At the time of the filing of the Complaint Hebert's first name was unknown, but in Plaintiff's Opposition to the Motion to Dismiss, he includes Hebert's first name as "Gabriel." (R. Doc. 42, p. 9). This Court recognized the proper Defendant as Gabriel Hebert on August 2, 2019 and updated the docket sheet accordingly. (R. Doc. 74).
[2] R. Doc. 1.
[3] R. Docs. 6 & 19. Paul Smith was later dismissed via an amended complaint (*See* R. Doc.60).
[4] R. Doc. 83.

issue Plaintiff a disciplinary infraction for failing to shave, despite other prisoners having beards and not being ordered to shave.[5] Plaintiff went to "disciplinary court" for the November 1, 2017 disciplinary report. Gabriel Hebert presided over the disciplinary proceedings.[6] Plaintiff alleges that Hebert asked Plaintiff what his "problem" was with Rowe but proceeded to "shut [Plaintiff] up" before Plaintiff could answer or provide any evidence.[7] Hebert subsequently sentenced Plaintiff to twelve weeks "loss of recreation yard" and loss of canteen privileges.[8]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is asserting a claim against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal: an action may be dismissed if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[9] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[10] A claim has no

---

[5] R. Doc. 1, pp. 14-15.
[6] R. Doc. 1, p. 16.
[7] R. Doc. 1, p. 16.
[8] R. Doc. 1, p. 17.
[9] *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). § 1915(e) provides a procedural mechanism for dismissal of those lawsuits by prisoners against a governmental entity or employee or officer of a governmental entity. that are frivolous, malicious, or fail to state a claim in only those proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on December 13, 2017. (R. Doc. 8).
[10] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[11] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[12] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[13] A § 1915 dismissal may be made before or after service of process and before or after an answer is filed.[14]

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[15] The PLRA's exhaustion requirement is mandatory, and unexhausted claims may not be brought in court.[16] When a prisoner fails to exhaust his administrative remedies, he fails to state a claim upon which relief may be granted [17] Generally, a prisoner's failure to exhaust administrative remedies is an affirmative defense under the PLRA and prisoners "are not required to specially plead or demonstrate exhaustion in their complaints."[18] However, the United States Court of Appeals for the Fifth Circuit permits a district court to *sua sponte* dismiss a case for failure to state a claim, predicated on failure to exhaust, "if the complaint itself makes clear that the prisoner failed to exhaust."[19]

In Louisiana, an inmate must follow a two-step Administrative Remedy Procedure ("ARP") process to exhaust administrative remedies before filing suit in federal court. The ARP

---

[11] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[12] *Denton,* 504 U.S. at 32.
[13] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[14] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[15] 42 U.S.C. § 1997(e)(a).
[16] *Jones v. Bock,* 549 U.S. 199, 211 (2007).
[17] *Hicks v. Garcia*, 372 Fed. Appx. 557, 558 (5th Cir. 2010).
[18] *Jones*, 549 U.S. at 216.
[19] *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2014).

process is codified in the Louisiana Administrative Code under Title 22, Part I, § 325. An inmate initiates the ARP process by completing a request for administrative remedy or writing a letter to the warden.  An ARP screening officer screens the inmate's request and either accepts the request or rejects it for one of the enumerated reasons.  A request rejected during the screening process cannot be appealed to the second step.  If a request is accepted at the screening level, the warden must respond on a first step response form within forty (40) days of receipt of the request (five days for PREA).  An inmate dissatisfied with the first step response, may proceed to the second step of the ARP process by appealing to the Secretary of DOC.  The DOC Secretary must issue a response within forty-five (45) days from the date the request is received using a second step response form.  An inmate dissatisfied with the second step response may file suit.  Whether or not a second-step response is received, once ninety days have passed from the initiation of the ARP process, unless an extension has been granted, the inmate may file suit.

It is clear from the face of Plaintiff's Complaint that the Plaintiff's remaining claims are unexhausted.  The earliest alleged retaliatory act of Rowe or Hebert about which Plaintiff complains occurred on November 1, 2017.  Plaintiff signed and filed his Complaint on November 20, 2017, a mere nineteen days later.  It is apparent that Plaintiff did not exhaust his administrative remedies within this short timeframe.[20]  Moreover, Plaintiff admitted in his Complaint that the ARP related to the claims alleged in this suit was pending at the time this suit was filed.[21]  Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court.  As Plaintiff admits his ARP

---

[20] *See Conklin v. Randolph* 553 F.Appx. 457, 458 (5th Cir. 2014) (wherein the Fifth Circuit held that a district court's dismissal, *sua sponte*, of a complaint as unexhausted was not in error when the lack of exhaustion was readily apparent from the face of the complaint since the lawsuit was instituted five days after the event giving rise to the lawsuit occurred).
[21] R. Doc. 1, p. 3.

4

was still pending when he filed suit, and as ninety days had not passed from the actions that gave rise to the suit, Plaintiff's remining claims are unexhausted on the face of the Complaint and thus, subject to dismissal, without prejudice, for failure to state a claim.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a) and 28 U.S.C. §§ 1915(e) and 1915A.

**IT IS FURTHER RECOMMENDED**, if this recommendation is adopted, that all pending Motions[22] be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on October 21, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] R. Docs. 85, 109, & 110.